**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 08-cv-02487-REB-MJW

MARY BARONE,

      Plaintiff,

v.

UNITED AIR LINES, INC.,

      Defendant.

---

**ORDER RE: DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

---

**Blackburn, J.**

The matter before me is defendant's **Motion for Summary Judgment** [#14][1],

filed December 18, 2008.  I grant the motion in part and deny it in part.

Plaintiff originally filed this lawsuit in 2007, alleging causes of action for

discrimination and retaliation under the Age Discrimination in Employment Act ("ADEA"),

Title VII, and the Colorado Anti-Discrimination Act ("CADA"), as well as state law claims

for breach of contract and promissory estoppel.  ***See Barone v. United Air Lines***, Civil

Action No. 07-cv-01277-LTB-KMT.  Senior District Judge Lewis T. Babcock dismissed

with prejudice plaintiff's Title VII claims on summary judgment.  (***See Order*** [#64], filed

September 19, 2008.)[2]  He declined to exercise supplemental jurisdiction over the

remaining state law claims, and, therefore, dismissed those claims without prejudice.

---

[1]  "[#14]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

[2] Prior to Judge Babcock's ruling, plaintiff voluntarily abandoned her ADEA claim.

(*Id.*)  Plaintiff promptly refiled her CADA, breach of contract, and promissory estoppel

claims in the District Court in and for the City and County of Dever, Colorado.

Defendant removed that lawsuit to this court and now has filed a motion for summary

judgment.

In response to defendant's motion for summary judgment, plaintiff confesses that

her breach of contract claim is untenable, and, accordingly, agrees to dismiss that

claim.  Therefore, the motion will granted to the extent it seeks summary judgment as to

the breach of contract claim.  By contrast, concerning plaintiff's promissory estoppel

claim, having reviewed the arguments, authorities, and evidence presented, I perceive

one or more genuine issues of material fact of that are not amenable to summary

resolution.

Likewise, considering plaintiff's CADA claim, there are genuine issues of material

fact that preclude summary judgment.[3]  Although defendant also argues that Judge

Babcock's prior decision in Civil Action No. 07-cv-01277-LTB-KMT dictates the outcome

in this case with respect to the parallel CADA claim, it offers no argument demonstrating

how the doctrine of preclusion, collateral estoppel, or law of the case might make this

---

[3] In particular, viewing the evidence in the light most favorable to plaintiff, I do not find it dispositive that plaintiff requested her former job back after allegedly being constructively discharged.  The case on which defendant relies for this proposition, *Zenaty-Paulson v. McLane/Sunwest, Inc.*, 2000 WL 33300666 (D. Ariz. March 20, 2000), specifically found that the threat of a demotion in lieu of termination was not sufficient to support a claim of constructive discharge under Arizona law.  *See id.* at *9.  *See also King v. AC & R Advertising*, 65 F,.3d 764, 769 (9th Cir. 1995).  The law in this circuit is to the contrary. *Douglas v. Orkin Exterminating Co.*, 2000 WL 667982, at *4 (10th Cir. May 23, 2000); *James v. Sears, Roebuck & Co.*, 21 F.3d 989, 993 (10th Cir. 1994).  Considering that plaintiff was faced with the choice between being terminated or accepting a part-time position in California, I cannot say as a matter of law that her request to be reinstated to her former position absolutely forecloses a finding that her working conditions were objectively intolerable.  *See Apgar v. State*, 2000 WL 1059444 at *8 (10th Cir. Aug. 2, 2000) ("We hardly think it a tolerable work condition, under the facts of this case, to expect [plaintiff] to pick up her family and move hundreds of miles in order to avoid discriminatory conduct.").

prior decision binding in this case.  I am neither required nor inclined to make

defendant's legal arguments for it, and decline to do so here.

**THEREFORE, IT IS ORDERED** as follows:

1.  That  defendant's **Motion for Summary Judgment** [#14], filed December 18,

2008, is **GRANTED IN PART** and **DENIED IN PART**:

a.  That the motion is **GRANTED** with respect to plaintiff's breach of

contract claim, which is **DISMISSED WITH PREJUDICE**; and

b.  That the motion is **DENIED** otherwise.

Dated August 26, 2009, at Denver, Colorado.

**BY THE COURT:**

Bob Blackburn

Robert E. Blackburn
United States District Judge